IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ron Singleton, | ) | Case No. 7:21-cv-01138-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Limestone University, Darrell F. Parker, | ) | |
| Monica H. Baloga, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss. ECF No. 13. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 27, 2021, the Magistrate Judge issued a Report recommending that Defendant's Motion to Dismiss be granted as to Plaintiff's claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1983 and that the remaining state law claim be remanded to the Cherokee County Court of Common Pleas. ECF No. 24. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff and Defendants filed objections to the Report and replies. ECF Nos. 26, 27, 28, 30. Defendants filed a supplemental brief in support of their objections, and Plaintiff filed a reply. ECF Nos. 35,

37. A hearing was held on the parties' objections to the Report on February 3, 2022. ECF No. 38.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law which the Court incorporates by reference. Briefly, Defendant Limestone University ("Limestone") is a Christian, coeducational, four-year liberal arts college located in Gaffney, South Carolina. ECF No. 1-1 at 23. Defendant Darrell Parker is Limestone's President and Defendant Monica Baloga is its Provost. *Id.* ¶ 6–7.

2

Plaintiff was employed by Limestone as a professor, a chaplain, and as the director of its Christian Education and Leadership Program ("CELP"). *Id.* ¶ 9. The program allows students to "receive scholarship support in exchange for meeting predetermined criteria." *Id.* ¶ 17. The requirements included "daily devotions" and "weekly reflections" *Id.* ¶¶ 31, 33.

Sometime in late 2019 or early 2020, several CELP students filed a complaint with Limestone regarding Plaintiff under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 et seq. *Id.* ¶ 38. During the subsequent internal investigation, Plaintiff presented substantial information and evidence to show that all his conduct that was supposedly improper was appropriate and also failed to take into account the Christian context of the CELP program and its specific requirements. *Id.* ¶¶ 38, 42, 43, 44, 45. Limestone terminated Plaintiff's employment in a letter to Plaintiff dated June 23, 2020, signed by Baloga. *Id.* ¶ 42; *see also id.* at 85–86.

This action was removed to this Court from the Cherokee County Court of Common Pleas on April 16, 2021. ECF No. 1. Plaintiff brings claims for violations of Title VII and § 1983 and a state law claim for promissory estoppel.

***Title VII Claim***

Plaintiff alleges a claim under Title VII for religious discrimination. He asserts this claim under disparate treatment and failure to accommodate[1] theories. The Magistrate

---

[1] As acknowledged by Plaintiff in the response to the Motion to Dismiss and in his objections, his first cause of action had a subheading of "Disparate Impact"; however, it actually sets forth a claim for failure to accommodate. *See* ECF Nos. 18 at 6; 26 at 5.

3

Judge recommends that this claim be dismissed under both theories. The Court will address each in turn.

*Failure to Accommodate*

The Magistrate Judge recommends finding that Plaintiff failed to plausibly allege that he was discriminated against on the basis of religion under Title VII pursuant to a failure-to-accommodate theory. ECF No. 24 at 9–11. Plaintiff objects and argues that he has pled sufficient facts to state a claim. ECF No. 26 at 5–13. Upon review, the Court agrees with the recommendation of the Magistrate Judge.

A plaintiff is not required to state a prima facie case to survive a motion to dismiss in a Title VII employment discrimination action; however, "he is required to allege facts to satisfy the elements of a cause of action created by that statute." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020 (citation and internal quotation marks omitted)). Liability for a failure-to-accommodate claim is based upon an employer's making an employee's "religious practice, confirmed or otherwise, a factor in [an] employment decision[]." *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015).

As explained in more detail by the Magistrate Judge, Plaintiff has not plausibly alleged that Defendants' knowledge or suspicion of his personal religious beliefs played any part in his termination. No party disputes that the CELP program required certain practices, including counseling and daily devotions. However, it is clear from Baloga's letter that Limestone's objection was to the methods employed by Plaintiff, not the beliefs behind them. Moreover, Plaintiff has failed to point to any requirement that he perform his duties under the CELP program in a specified way, such that his adherence to those

requirements would require him to essentially choose between following CELP's policies or Limestone's. Therefore, upon de novo review of the record, the applicable law, and the Report, the Court adopts the recommendation of the Magistrate Judge.[2]

### *Disparate Impact*

The Magistrate Judge recommends, assuming that a disparate impact claim is cognizable in a religious discrimination case, that Plaintiff has failed to plausibly allege such a claim. ECF No. 24 at 11. Neither party has specifically objected to this portion of the Report. Therefore, upon review of the record, the applicable law, and the Report for clear error, the Court finds there is none and adopts the recommendation of the Magistrate Judge.

### **1983 Claims**

Plaintiff alleges claims pursuant to § 1983 against Baloga and Parker individually for violations of his First Amendment and Equal Protection rights. The Magistrate Judge recommended dismissal for failure to plausibly allege any Defendant engaged in state action. Plaintiff objects.

As explained in more detail by the Magistrate Judge, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). "[S]tate action may be found if, though only if, there is such a 'close nexus

---

[2] With respect to Plaintiff's argument that the other reasons for terminating his employment are inaccurate, even assuming he is correct, Plaintiff fails to plausibly allege that a suspicion of his religious beliefs played a role in the decision to terminate his employment.

between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Whether a private individual's or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the State. *See Jackson*, 419 U.S. at 351.

Plaintiff has argued that Limestone is a state actor because it receives state and federal funding and because, in 2016, it pled reference to the South Carolina Tort Claims Act as an affirmative defense in a trip-and-fall case against it. ECF Nos. 1-1 ¶¶ 3–4; 18 at 5. The Magistrate Judge concluded that neither of these factual allegations were sufficient to plausibly allege that Limestone or either of the other Defendants engaged in state action. ECF No. 24 at 14–17. Neither party has specifically objected to this portion of the Report. Therefore, upon review of the record, the applicable law, and the Report for clear error, the Court finds there is none and adopts the recommendation of the Magistrate Judge.

Plaintiff's final argument is that Limestone should be treated as a state actor because it has been delegated a public function by virtue of the Educational Facilities Authority Act for Private Nonprofit Institutions of Higher Learning ("EFAA"), S.C. Code Ann. § 59-109-10 et seq. The EFAA establishes an "Authority," defined as "the State

Fiscal Accountability Authority, acting as the Educational Facilities Authority for Private Nonprofit Institutions of Higher Learning" for the purpose of providing "a measure of assistance and an alternative method to enable institutions for higher education in the State to provide the facilities and structures which are sorely needed to accomplish the purposes of this chapter, all to the public benefit and good . . . ." S.C. Code Ann. § 59-109-20, -30.  "The purpose of the [A]uthority is to assist institutions of higher learning in the acquisition, construction, financing, and refinancing of projects," and the EFAA gives the Authority many powers to accomplish this purpose. *Id.* § 59-109-50.  The EFAA also provides that when the Authority or an institution of public learning provides those facilities, doing so "constitute[s] the performance of an essential public function" and "neither the [A]uthority nor its agent shall be required to pay any taxes or assessments upon or in respect of a project or any property acquired or owned by the [A]uthority under the provisions of this chapter or upon the income therefrom." *Id.* § 59-109-150.

Plaintiff contends that Limestone has been delegated an essential public function—educating the youth of South Carolina; accordingly, it is a state actor.  ECF No. 26 at 13–15.  The Court disagrees.  As an initial matter, "court[s] have consistently held that private universities cannot be sued under § 1983." *Moore v. Northeastern Univ.*, No. 1:18-cv-324, 2019 WL 825802, at *2 (M.D.N.C. Feb. 21, 2019).  The Court takes judicial notice of the fact that Limestone is not a public college or university.  *See* S.C. Code Ann. § 59-101-10 (listing state colleges and universities).  The fact that Limestone receives substantial state or federal funding does not make Limestone a state actor.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982) (holding that receipt of almost all of a private

7

school's income from government funding did not convert the school's terminations of employees into state action); *Counts v. Vorhees College*, 312 F. Supp. 598, 606 (D.S.C. 1970). Moreover, as noted by the Magistrate Judge, Plaintiff has not explained what authority it claims EFAA delegated and what relationship such authority bore to Defendants' challenged actions in this case. Accordingly, Plaintiff's objections are overruled.

***State Law Claims***

Plaintiff raises an alternative state law claim for promissory estoppel as to Limestone. ECF No. 1-1 at 19–20. The Magistrate Judge recommends that this Court decline to exercise supplemental jurisdiction and remand the claim to state court. ECF No. 18–19. Defendants objected to this portion of the Report; Plaintiff filed a response to the objections. ECF Nos. 27, 28. Defendants then filed a supplemental brief in favor of their objections, and Plaintiff filed a supplemental reply. ECF Nos. 35, 37.

Supplemental jurisdiction allows federal courts to hear and decide state law claims along with federal law claims. Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction."

Defendants argue that Plaintiff's promissory estoppel claim should be dismissed because it lacks merit and is not colorable under established law. While this Court has the discretion to retain the state law claim, here it declines to do so. In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and

8

considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Further, the Supreme Court has warned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. . . . [I]f the federal claims are dismissed before trial . . . the state law claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, remand of the state law claim is appropriate in light of the *Shanaghan* factors.[3] This claim presents state-law questions and this case is at the beginning stages of litigation. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claim in this case.

## **CONCLUSION**

Based on the foregoing and upon review[4] of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's Title VII and § 1983 claims.  Plaintiff's state law claim is remanded to the Cherokee County Court of Common Pleas

IT IS SO ORDERED.

March 1, 2022                                                                s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina                                     United States District Judge

---

[3] The Court notes that Defendants have emphasize that remand of the promissory estoppel claim would be unfair to them.  While it is only one factor to be considered, the Court has specifically considered the fairness to the parties in making its ruling.

[4] The review has been de novo except where specifically stated otherwise.